IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:01-cr-00039-MP-AK

DANNY MARSHAL WINNINGHAM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 60, Motion to Vacate under 28 U.S.C. § 2255, by

Danny Marshal Winningham.  The Government has filed its response, Doc. 62, and Defendant

has filed a reply.  Doc. 67.  Subsequently, Defendant filed three motions to amend, Docs. 70-72,[1]

to which the Government has filed responses.  Docs. 75-76.  This cause is therefore in a posture

for decision.  Having carefully considered the matter, the Court recommends that the motion to

vacate be denied.

## BACKGROUND

Defendant was charged in a one-count indictment of possession with intent to distribute

50 grams or more of methamphetamine and 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine.  Doc. 11.  On October 10, 2001, the

Government filed an Information and Notice of Prior Convictions, listing two prior drug felonies

for possession of marijuana with intent to sell and possession of cocaine.  Doc. 22.  On July 9,

2002, Defendant pled guilty, Docs. 34-36, and subsequently, he was sentenced to life

---

[1]The Court will recommend that the motions to amend be granted, as they all relate to
issues previously raised in the original motion.  The granting of the amendments, however, does
not mean that the motions raise meritorious issues.

imprisonment, with judgment being entered on October 18, 2002.  Docs. 39-40.

Defendant appealed, and his counsel filed an *Anders* brief and moved to withdraw.

Counsel's motion was granted, and Defendant's conviction and sentence were affirmed on

October 29, 2003.  Doc. 59.

The instant motion ensued.  On this occasion, Defendant raises two claims initially:  (1)

that a non-qualifying prior conviction was used to impose the life sentence, and (2) that the

sentence enhancement imposed by the Court was based on uncharged conduct and facts.  Doc.

60 at 5.  As to the first claim, Defendant more specifically argues that the November 1, 1993,

conviction for cocaine possession "does not qualify as or represent a **serious felony drug**

**offense** for purposes of the imposed sentence enhancement of life imprisonment" since he was

sentenced to one year house arrest and four years probation on that conviction.  *Id*. at 8

(emphasis in original).  As to the second claim, Defendant argues that the life sentence violated

his Sixth Amendment right under *Blakely*.  *Id*. at 8-9.  He maintains that neither of these claims

was presented previously due to counsel's ineffectiveness.  *Id*. at 6.

In his first motion to amend, Defendant argues that the enhanced sentence must be

vacated because the Court failed to advise him pursuant to 21 U.S.C. § 851(b) that "any

challenge to a prior conviction which is not made before sentence is imposed may not thereafter

be raised to attack the sentence."  Doc. 70.  According to Defendant, he pled *nolo contendere* to

the cocaine possession charge based on the State's promise that adjudication would be withheld

if Defendant completed a one-year period of probation.  *Id*. at 4-5.  Because he "stand

unconvicted" of that charge in state court, it cannot be used as an enhancing prior conviction.  *Id*.

at 5.

In the second motion to amend, Defendant maintains that counsel "faithfully promised [him] that if [he] pled guilty and avoided a jury trial that the judge would impose a sentence below life imprisonment, based upon [his] medical status," and that counsel directed him to "just agree" with the Court during the plea colloquy and that "the judge would ultimately sentence [him] to less than life imprisonment because of [his] medical status."  Doc. 71.

Finally, in his third motion to amend, Defendant argues that an intervening decision by the United States Supreme Court in *Lopez v. Gonzalez* provides support for his contention that the state court cocaine possession conviction was improvidently used to enhance his conviction in this case.[2]

## DISCUSSION

Where a defendant has two or more "prior convictions for a felony drug offense" which have become final, he shall be sentenced to a mandatory term of life imprisonment.  21 U.S.C. § 851(b)(1)(A)(viii).  A defendant may not challenge the validity of any prior conviction which "occurred more than fives years before the date of the information alleging such prior conviction."  *Id.* at 851(e).  Defendant's 1993 conviction was not challengeable under § 851(e) because the statute of limitations had expired for asserting a challenge to a prior conviction.  The date of the Information and Notice was October 10, 2001, more than five years after the conviction was final.  Counsel was therefore not ineffective for failing to challenge this particular prior conviction, and pursuant to *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990), the Court was "not required 'to adhere to the rituals of § 851(b) where a defendant, as

---

[2]Defendant also asked the Court to stay the proceedings pending a decision in *Toledo-Flores v. United States*.  On December 5, 2006, Supreme Court dismissed the writ of certiorari as improvidently granted.  *Toledo-Flores v. United States*, 127 S.Ct. 638 (2006).

a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information.'"

Neither *Blakely* nor *Booker*, which is based on *Blakely*, is retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Thus, Defendant's argument that the Court improperly enhanced his sentence based on uncharged conduct and facts is without merit.

Finally, Defendant maintains that his attorney rendered ineffective assistance when he "assured" Defendant that because of his medical status, he would not be sentenced to life and when he advised Defendant to "just agree" with the Court during the plea colloquy. If counsel had not made this promise and rendered this advice, Defendant would, according to him, have simply gone to trial. Doc. 67 at 13. Counsel, of course, denies these accusations. Doc. 76, Attach. At this time, consideration of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v.*

*White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at 689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment."  *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions."  *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy."  *Chandler*, 218 F.3d at 1315 n.16.  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]."  *Id*.  Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

Even if the Court assumes that counsel acted in the manner alleged by Defendant, there is not any possibility, much less, a reasonable probability, that the outcome of the proceeding would have been different. While Defendant could certainly have gone to trial, he still would have been convicted, as he was caught with the drugs exclusively in his possession, and after being Mirandized, he admitted to transporting the methamphetamine to trade for cocaine. Doc. 35; Doc. 50 at 13-15[3]; Presentence Report at 4. Once he was convicted, whether by plea or verdict, because of his prior felony drug convictions, he a mandatory life sentence absent a departure for

---

[3]While the docket and the title page of Document 50 identifies this as the transcript of the sentencing hearing, it is in fact the transcript of the plea hearing.

his medical condition, an argument which he and his counsel adequately pressed at sentencing,

and which the Court rejected.  Doc. 48 at 3-7.

Thus, Defendant was not prejudiced by counsel's alleged actions.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motions to amend, Docs. 70, 71, & 72, be **GRANTED**;

That the motion to vacate, Doc. 60, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, this 11th day  of April, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**