IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:01-cr-00039-MP-AK

DANNY MARSHAL WINNINGHAM,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 77, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's motions to amend, Docs. 70, 71, & 72, be granted, and that Defendant's Motion to Vacate under 28 U.S.C. § 2255, Doc. 60, be denied. The Magistrate Judge filed the Report and Recommendation on Wednesday, April 11, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Defendant entered a plea of guilty to the charge of possession with intent to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Docs. 34-36. Based on his two prior felony drug convictions, Defendant was sentenced to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii). In his motion to vacate, Defendant alleges that a non-qualifying prior conviction was used to impose the life sentence, and that the sentence enhancement imposed by the Court was based on uncharged conduct and facts. Defendant has also filed three motions to amend the motion to vacate, which the Magistrate recommends granting. The Court agrees, and will consider the additional arguments in

Defendant's motions to amend.

The Magistrate recommends dismissing Defendant's motion to vacate. First, the Magistrate states that Defendant's 1993 conviction for cocaine possession was not challengeable under 21 U.S.C. § 851(e) because the statute of limitations had expired for asserting a challenge to the prior conviction. Section 851(e) states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Defendant argues that the enhanced sentence must be vacated because the Court failed to advise him, pursuant to 21 U.S.C. § 851(b), that any challenge to a prior conviction which is not made before the sentence is imposed cannot later be used to attack the sentence. However, as the Magistrate points out, a trial court is not required "to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." United States v. Weaver, 905 F.2d 1466, 1482 (11th Cir. 1990)(quoting United States v. Nanez, 694 F.2d 405, 413 (5th Cir.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983)). Therefore, this argument is without merit.

Next, the Magistrate recommends that Defendant's challenge under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), be denied because the rule stated in both cases is not retroactively applicable to cases on collateral review. The Court agrees that Defendant's claim that his sentence was improperly enhanced based on uncharged conduct and facts is without merit. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)("[W]e

conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.")

Finally, the Magistrate recommends that Defendant's ineffective assistance of counsel claim be denied.  Defendant alleges that counsel assured him that if he just agreed with the Court during the plea colloquy, he would not be sentenced to life imprisonment due to his medical status.  This advice, Defendant states, caused him to enter a plea, which thereby prejudiced him.  As the Magistrate points out, because Defendant cannot establish prejudice, his ineffective assistance claim must fail.  Defendant was found in actual possession of the charged controlled substance, and admitted to transporting the methamphetamine to trade for cocaine.  Therefore, the Court agrees with the Magistrate that Defendant was not prejudiced by counsel's alleged actions.

In his objections, Defendant argues that the recent Supreme Court case Lopez v. Gonzales, 549 U.S. ----, 127 S.Ct. 625, 166 L.E.2d 462 (2006), mandates that his 1993 state conviction for cocaine possession does not qualify as a felony for purposes of sentence enhancement.  Lopez held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  Id. at 633.  The key distinction between Lopez and the instant case is that the definition of a felony drug offense is not tied to the Controlled Substances Act.  Rather, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States *or of a State*." 21 U.S.C. § 802(44)(emphasis supplied).  Because Defendant was convicted of a drug offense punishable as a felony by the state, it qualifies to enhance Defendant's sentence under 21 U.S.C. § 841(b)(1)(A).

Therefore, having considered the Report and Recommendation and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's motions to amend, Docs. 70, 71, & 72, are GRANTED.

3. Defendant's Motion to Vacate, Doc. 60, is DENIED.

**DONE AND ORDERED** this   *3rd* day of May, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge